UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, )
    Plaintiff, )
     )
v. )   Case No.: 97-10111-DPW
     )
KAREEM RICHARDSON, )
    Defendant. )
_____ )

## DEFENDANT'S MOTION FOR REVIEW OF FINAL SENTENCE
## PURSUANT TO 18 U.S.C. § 3742(a)(1)

Comes now I, KAREEM RICHARDSON (hereinafter 'Defendant') the Defendant acting on his own behalf, and respectfully moves this Honorable Court to grant this motion for review of a final sentence, pursuant to 18 U.S.C. § 3742(a)(1).

This motion is filed pro se. To protect and preserve Defendant's rights under the United States Constitution, to prevent a procedural bar, the Defendant requests that this filing be liberally construed in accordance with Haines v. Kerner, 404 U.S. 519 (1972); Spencer v. Doe, 139 F.3d 107 (2d. Cir. 1998); and Cruz v. Beto, 405 U.S. 319 (1972), since the Defendant is not a lawyer and has no fornal legal training.

### PRIOR PROCEEDINGS

Defendant is a federal prisoner serving a sentence of 151 months imprisonment and 5 years supervised release, imposed pursuant to a March 9, 1999, judgment entered in the United States District Court for the District of Massachusetts (Woodlock, J.). This judgment was entered after a jury trial, in which Defendant was convicted of violating 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 2

(1)

(conspiracy and substantive distribution, and aiding and abetting same). That judgment was affirmed by this Court of direct appeal, on September 7, 2000. United States v. Richardson, 225 F.3d 46 (1st Cir. 2000), cert. denied, 532 U.S. 1203 (2001).

In 2001, Petitioner filed a timely motion under 28 U.S.C. § 2255, raising a claim of ineffective assistance of counsel, as well as a claim regarding Title 21's constitutionality.

In 2002 Petitioner filed a motion for leave to amend his motion under 28 U.S.C. § 2255, by adding to the previously filed motion the following claim Apprendi v. New Jersey, 530 U.S. 446 (2000).

On April 30, 2003, the court issued memorandum and order s summarily dismissing Defendant's motion under 28 U.S.C. § 2255.

On December 9, 2003, certificate of appealability was denied.

### ARGUMENT

A convicted criminal retains the right to appeal an otherwise final sentence in District Court, if the sentence was imposed in violation of law. 18 U.S.C. § 3742(a)(1). This standard is satisfied here, because the sentence that the court applied violated Defendant's Fifth and Sixth Amendment rights, as recognized in Apprendi v. New Jersey, 530 U.S. 466 (2000) and reinforced in United States v. Bernes, 244 F.3d at 177-178 (1st Cir.). Because the sentence was in violation of the law Apprendi, and resulted in a sentence tht exceeded the default statutory maximum sentence for a violation of 21 U.S.C. § 841(b)(1)(C) involving cocaine base, which is 20 years imprisonment and 3 years supervised release (a class C felony). Thus Defendant's term of supervised release could not exceed three years. See § 3583(b)(2) (authorizing a term of

supervised release of "not more than 3 years" for a class C felony). In this instant matter Defendant received 5 years of supervised release for violation of a class C felony. *Apprendi* requires that Defendant's sentence be vacated and that the Defendant be resentenced in a manner consistent with the facts reflected in the jury verdict. *Blakley v. Washington*, 124 S.Ct. 2531.

    I.    THE SENTENCE ISSUED BY THE COURT IN THIS CASE WAS IN VIOLATION OF LAW BEFORE IT WAS AFFIRMED BY THE FIRST CIRCUIT.

In June of 2000, while Defendant's conviction was pending on direct appeal before the Federal Circuit Court of Appeals for the First Circuit, the Supreme Court issued it's opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the court reversed a sentenced based on a "hate crime" enhancement that extended the Defendant's prison term beyond the statutory maximum range. 530 U.S. at 476-78. The Court held:

> "It is unconstitutional for a legislature to remove from the jury the assessment of facts that increased the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established beyond a reasonable doubt."

Id. at 490 (quoting and adopting concurrence in *Jones v. United States*, 526 U.S. 227, 252-53 (1999) (Opinion of Stevens, J.).

Much as in *Apprendi*, Defendant's sentence relied upon an enhancement not proven to the jury or beyond a reasonable doubt. It cannot be disputed that the jury never considered or found this fact. See Memorandum Order dated April 30, 2003, at *2 n.1 (Here the indictment charged and the jury consequently found beyond a reasonable doubt that the identity of the drug was cocaine base. The further finding I made that it was cocaine base in the form of crack.)

(3)

The supplemental factual finding of the District Court - finding as a significant operable fact that the cocaine was crack - precisely fits the paradigm of decision making which Apprendi condemns. Defendant was "exposed . . . to a penalty exceeding the maximum he would [have] received if punished according to the facts reflected in the jury verdict alone." Apprendi 120 S.Ct. at 2359 (footnote omitted). The jury verdict on it own terms, made only a determination that Defendant distributed simple cocaine base nothing more. It can not be argued that this error was harmless.

At the time of sentencing, the statute maximum for a violation of 21 U.S.C. § 841(a)(1) involving cocaine base is twenty years imprisonment and 3 years supevised release. Id. § 841(b)(1)(C). See U.S. v. Robinson, 241 F.3d 115, 118 (1st Cir.). The Sentencing Guidelines require a sentence of 21 - 27 months and 3 years supervised release based solely on the facts proven to the jury. However, Defendant was sentenced to 151 months with 5 years supervised release because the Guidelines also required the Court to find facts outside of the jury trial system by a preponderance of the evidence, and the Court adjusted the sentence.

While Defendant's 5 years supervised release did exceed the statutory maximum term provided for in the statute of 3 years (see 841(b)(1)(C)), and the 151 months imprisonment did not, Defendant correctly surmises that the mandatory ranges of the sentencing Guidelines did not permit the Court to impose a sentence up to that limit in every case. Cf. Blakely v. Washington, 124 S.Ct. 2531, 2537 ("our precedents make clear . . . that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict

(4)

or admitted by the defendant") (emphasis in orginal).

As a result of the Supreme Court's January 12, 2005, opinion in United States v. Booker, it is now beyond dispute that the first circuit did not appropriately interpret Apprendi when it rejected Defendant's appeal. See Booker, 125 S.Ct. at 756.[1] The 124 month enhancement thats attached to Defendant's sentence when the Court concluded that Defendant distributed crack cocaine, was not insulated from the jury trial requirement of the Sixth Amendment simply because it was imposed as an enhancement rather then a distinct charge. See Booker 125 S.Ct. at 748 (reiterating the Court's analysis in Apprendi). Therefore, the fact that the enhancement did not push Defendant's total sentence above the statutory maximum term of imprisonment [20 years] does not cure the constitutional deficiency of the enhancement procedure that exceed the 3 years statutory maximum of supervised release. See United States v. Barnes, 244 F.3d 177-178 (1st Cir.) (Supervised release terms set out in particular sections of the drug laws establish the maximum terms for violation of those sections). Apprendi required that this aspect of the sentence should have been vacated before the Defendant sentence was affirmed by the first circuit.

---

[1] "Accordingly, we reaffirm our holding in Apprendi: any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

II. THE SUPREME COURT'S RULING AS TO THE RETROACTIVITY OF ITS OPINION IN BOOKER DOES NOT PRECLUDE REVIEW OF DEFENDANT'S SENTENCE.

Taken out of context, on sentence in the Booker opinion could be read as precluding review of final sentences that were not pending on direct appeal when the decision was issued on January 12, 2005. Specifically, the Court stated, "we must apply today's holding's . . . both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act - to all cases on direct review." Id. at 769. In isolation, this sentence could plausibly be interpreted as having a limiting effect (i.e. that holdings do not apply to any cases not on direct review), rather the expansive effect (i.e. that the holdings are applicable to all cases on direct review than only some such cases). However, the context in which this rule was set forth establishes that only the latter interpretation is reasonable. Yates v. Aiken, 484 U.S. 211, 216-217 (Francis we held did not announce a new rule because it "was merely an application of the principle that governed our decision in Sandstrom").

The Court's decision in Booker is divided into two parts with different authors: Justice Stevens wrote the portion of the opinion holding that the Sixth Amendment was violated by the Sentencing Guidelines (to which Justice Breyer desented), and Justice Breyer wrote the portion of the opinion that excised the statutory provisions making the Guidelines mandatory (to which Justice Stevens dissented). Justice Stevens' dissent emphasizes the "extraordinary over breadth" of excising the mandatory provisions of the statute when only the extreme minority of cases present the constitutional problem of enhancements based upon facts found by

(6)

the Court on the preponderance of the evidence standard. See Booker, 125 S.Ct. 738 At - (Stevens, J. dissenting). Justice Stevens' opinion advocated for a remedy that would engraft the Court's Sixth Amendment holding into the statue by requiring the jury to hear all facts underlying the sentence. Id. The majority opinion written by Justice Breyer, however, concludes that such a remedy would destroy the Guidelines merely advisory in all situations - not merely those where there is an unconstitutional enhancement. Id. at 743; 756.

In this context, the only reasonable reading of the retroactivity sentence in Booker is that it expands review of sentences rather than restricts such review. When Justice Stevens did not believe all sentences pursuant to the Guidelines warranted review, the majority of the Court explicitly rejected that position. The retroactivity sentence is merely a concise statement of the majority position that the remedy applies to all sentences regardless of whether they present problems of judicial fact finding. This conclusion is fortified by the posture of the cases heard by the Court: both were on direct review. The Court had no moment to limit the retroactivity of its constitutional holding because a claim of retroactivity was not being pressed in the case.

## CONCLUSION

For all the foregoing reasons stated herein, the Court should grant this motion and review a final sentence that has been issued and in violation of constitutional law.

August 4, 2005

Respectfully Presented,

*Kareem Richardson*

KAREEM RICHARDSON, pro se
BOP Reg. No. Z1518-038
FCI RAY BROOK
P.O. Box 9007
Ray Brook, New York 12977

CERTIFICATE OF SERVICE

I, KAREEM RICHARDSON, hereby certify that I have caused to be served a true copy of the foregoing upon the United States Attorney's Office, 9200 Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, via first class mail, on this 4 day of August, 2005.

*Kareem Richardson*