```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


KAREEM RICHARDSON          )
                           )
          v.               )    Cr. No.: 97-10111-DPW
                           )
UNITED STATES OF AMERICA   )
```

GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR
REVIEW OF FINAL SENTENCE PURSUANT TO 18 U.S.C. § 3742(a)(1)

The petitioner has filed a motion pursuant to Title 18, U.S.C. § 3742(a)(1) for "review of final sentence."  As the Court is well aware the petitioner has previously filed both direct and collateral appeals attacking his sentence for a variety of reasons, including ineffective counsel and violations of the Constitution.  His latest pleading alleges that his sentence violates the Supreme Court's recent sentencing decisions, specifically the decisions in Booker v. United States, 125 S. Ct. 738 (2004), and Apprendi vs. New Jersey, *530 U.S. 466 (2000)*.  The petitioner has cited Title 18, U.S.C. § 3742 and apparently categorized his motion as a direct appeal.  Of course since the petitioner has already exhausted the appellate process this motion can only be interpreted as a collateral attack that should have properly been filed under the federal habeas provisions.

This petition should be denied by this Court for a number of reasons.  Most importantly, the Supreme Court's decision in

Booker, which the defendant bases this collateral attack on, is not applied retroactively in this Circuit.

Even if this appeal were applicable in this case, there is no merit to the legal claims that the petitioner is advancing. The defendant claims that his sentence violated the principle of Booker; however under First Circuit jurisprudence, unpreserved Booker claims are governed by traditional plain error rules, and can only be advanced if there is a reasonable probability of success at trial. In this case, the petitioner has been able to advance no piece of evidence suggesting that this Court would have sentenced differently if the Court had been operating under a discretionary sentencing system. Moreover, the petitioner's Apprendi claim is virtually identical to the argument the petitioner raised in a previous habeas petition, and which the First Circuit has already rejected. Therefore, besides the fact that this petition is impermissible on its face, the motion also lacks any merit.

I. Booker Retroactivity

In the landmark case of Booker v. United States, 125 S. Ct. 738, the Supreme Court clarified the how its prior decision in Blakely v. Washington, 542 US 961 (2003), would apply to the federal system. The Court ruled that the guidelines could be used in an advisory fashion, but could not be considered mandatory. Booker, 125 S. Ct. at 757. In ruling that the

sentencing guidelines could not be considered mandatory, the Supreme Court was setting a new rule for the federal system, and did not require that the thousands of sentences already decided be redone.  See Cirilo-Munez v. United States, 404 F.3d 527, 533 (1st Cir. 2005).  The First Circuit has held that motions filed as a collateral attack on a completed case can not be subject to a Booker challenge.  Id.

The petitioner frames his pleading as a direct appeal under Title 18 U.S.C § 3742(a)(1), of a sentence imposed in violation of law.  The defendant has undoubtedly avoided filing this motion as a habeas petition because of the clear prohibition against applying Booker challenges retroactively.  However, allowing the defendant to file under the "violation of law" provision, when the only allegedly violation is the alleged Booker issue, after the direct appeals process was taken to completion, would completely eviscerate this Circuit's determination that Booker does not apply to collateral attacks.  If this petitioner were allowed to avoid First Circuit decisions in this manner then of course every petitioner will be able to do so, rendering the retroactivity rules meaningless.

This case has already been reviewed by this Court on direct appeal, and the First Circuit wrote a lengthy opinion explaining why the defendant's sentence was reasonable and legal.  See, United States v. Richardson, 225 F.3d 46 (1st Cir. 2000).  The

petitioner has also previously filed collateral motions attacking his sentence under the Apprendi case, and the First Circuit has ruled that his sentence was consistent with that decision. See Richardson v. United States, First Circuit Appeal No. 03-1898. This petitioner has already had the full process entitled to him under this Circuit's rules, and consideration of his latest motion would violate the clearly articulated standards.

II.   The Booker Plain Error Standard

As a matter of First Circuit jurisprudence, the arguments raised in this appeal cannot be considered by this court in a collateral attack.  However, even if this motion were somehow procedurally valid, the substantive arguments raised by the petitioner should carry no weight.  The petitioner did not raise a Booker complaint at trial; therefore the issue was not preserved for appeal.  The First Circuit has ruled that when a case predates Booker, and for that reason the Booker issue was not preserved, the ordinary plain error standard for unpreserved claims should be applied.  United States v. Antonkapoulos, 399 F.3d 68, 75 (1st Cir 2005).  This standard requires that, for a hearing to be allowed on the defendant's motion, there must be a "reasonable probability" that the defendant's motion would succeed.  Id.

In order for there be to be a "reasonable probability" that the petitioner's motion would succeed, the petitioner would need

to provide some evidence that this Court would have handed down a different sentence under an advisory guideline system.  This means that there must be a reasonable probability that, but for the belief that the guidelines were mandatory at the time of sentencing, the sentencing judge would have handed down a lower sentence.  <u>See</u>, <u>e.g.</u>, <u>United States v. Coyne</u>, 142 Fed. Appx. 485 (1st Cir 2005), <u>United States v. Guzman</u>, 419 F.3d 27 (1st Cir 2005).

In this case the petitioner has not been able to point to any such evidence.  For that reason, there is no reasonable probability from the outset that this case would be different under a discretionary system.  Thus, under the plain error standard there is no reason to consider these arguments further.

III. The Cocaine Base <u>Apprendi</u> Argument

The petitioner also makes the argument that the fact that he faced a longer sentence because he was trafficking in crack cocaine instead of powdered cocaine was an impermissible sentencing enhancement under the Supreme Court's <u>Apprendi</u> decision.  While the petitioner also raises this as a <u>Booker</u> issue, this question has more to do with the <u>Apprendi</u> decision than <u>Booker</u>.  Richardson has previously filed a motion to have his sentence overturned for this very reason, and the First Circuit ruled that his sentence was administered in a manner

consistent with the <u>Apprendi</u> decision. There is nothing about the subsequent <u>Booker</u> decision that casts doubt on this outcome.

In <u>Richardson v. United States</u>, First Circuit Appeal No. 03-1898, the First Circuit the ruled that merely being exposed to a potentially higher penalty is not a violation of <u>Apprendi</u> if the penalty imposed was within the statutory maximum. In this case, even though the fact that the cocaine was in the form of crack could potentially have exposed the defendant to a higher sentence, the sentence was within the statutory maximum. "Richardson claims that he was exposed to a higher maximum penalty without a jury finding, and that this alone violates <u>Apprendi</u>…[W]e have repeatedly held that mere exposure to a higher maximum sentence is not sufficient to create an <u>Apprendi</u> violation." <u>Id</u>. This principle is well established in the First Circuit. <u>See</u>, e.g., <u>Goodine v. United States</u>, 326 F.3d 26, 33 (1st Cir. 2003), <u>United States v. Robinson</u>, F.3d 115, 121 (1st Cir. 2001).

Richardson suggests that the <u>Booker</u> case somehow changed the validity of this argument. There is no reason to think that is the case. Besides the fact that Booker is not retroactive, there is no reason that moving from a mandatory to discretionary sentencing system would change the validity of the <u>Apprendi</u> framework in this case. Since the sentence imposed is a not an unreasonable sentence as a matter of law for the offense of

distributing powdered cocaine, all the reasons that the Court of Appeals concluded that this sentence did not violate <u>Apprendi</u> still hold true after <u>Booker</u>.  Thus, there is no merit to the repetitive arguments the defendants makes in this section of the petition.

VI.  Conclusion

Based on the foregoing, the petitioner's motion should be denied.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    UNITED STATES ATTORNEY

By: _____

                                    George W. Vien
                                    Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I certify that I caused a copy of this Motion to be mailed to Kareem Richardson, FCI Ray Brook, Box 9007, Ray Brook, New York 12977.

                                    George W. Vien
                                    Assistant U.S. Attorney