```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


KAREEM RICHARDSON              )
     Petitioner,               )   CIVIL ACTION NO.
                               )   05-11792-DPW
          v.                   )
                               )   CRIMINAL NO. 97-10111-DPW
UNITED STATES OF AMERICA,      )
     Respondent.               )
```

MEMORANDUM AND ORDER
December 1, 2005

The petitioner in this matter, who was convicted and sentenced on crack cocaine charges, has filed what he styles as a motion for reconsideration of his final sentence pursuant to 18 U.S.C. § 3742(a)(1).  It appears that the petitioner purports to bring this proceeding under Section 3742 in an effort to avoid the requirements of 28 U.S.C. § 2255, the customary mechanism for collateral attack on criminal sentences imposed on federal prisoners.  However, because the motion in substance is one raising claims for relief which must be sought under 28 U.S.C. § 2255, cf. Gonzalez v. Crosby, 125 U.S. 2641 (2005), I instructed the Clerk to open a new § 2255 docket for the proceeding.  I find, having done so, I am without authority to address petitioner's claim on the merits because he is barred from presenting them in this court through § 2255.

First, the petitioner's claims are untimely.  His conviction and sentence, which were affirmed on appeal by the First Circuit, United States v. Richardson, 225 F.3d 46 (1st Cir. 2000), cert. denied, 532 U.S. 1203 (2001), became final over four years ago.

Section 2255 contains a limitation period which provides, with certain exceptions and refinements not applicable here, that a petition is time barred if brought more than one year after the conviction becomes final.[1]

I have, nevertheless, considered whether the Court of Appeals would treat the purported basis for relief asserted by the petitioner--the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005)--as providing grounds for relaxation of the timeliness requirements of § 2255.  I find that it would not because Booker has not been held retroactive. United States v. Frazer, 407 F.3d 9, 11 (1st Cir. 2005) ("This Court has held that petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive.")

Second, this is a successive § 2255 petition.  The petitioner earlier filed a § 2255 petition.  Richardson v. United States, No. 02-10297-DPW.  My dismissal of that petition by Memorandum and Order dated April 30, 2003 was effectively affirmed by the Court of Appeals, which declined to issue a certificate of appealability.  Richardson v. United States, First

---

[1] The petitioner's attempt to use 18 U.S.C. § 3742 as a means to evade this timeliness requirement is misplaced, not merely because § 2255 is the proper means for collateral attack. Section 3742 is simply the statutory authorization for direct appeals, whose timeliness is measured against Fed. R. App. P. 4(b), which provides an even shorter limitations period (10 days) than § 2255 for convicted defendants seeking review of a sentence.  Fed. R. App. P. 4(b)(1)(A).  It appears that petitioner is seeking entry of a new judgment designed to start the Rule 4 time clock running anew.

Cir. No. 03-1898 (Dec. 9, 2003).  Successive petitions such as the one now before me must be preceded by an application for authorization by the Court of Appeals pursuant to Local Rule 22.2 of the United States Court of Appeals for the First Circuit.  <u>See generally</u> <u>Pratt v. United States</u>, 129 F.3d 54, 57 (1st Cir. 1997).  The petitioner's failure to obtain such authorization provides a separate and independent grounds for dismissing the instant request for relief.

Accordingly, the Clerk is hereby directed to DISMISS this case.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE